UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA WOLOSKY, | ) | |
| | ) | Civil Action 14-804 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | **Electronic Filing** |
| | ) | |
| TRINITY AREA SCHOOL DISTRICT, | ) | |
| | ) | |
| PAUL KASUNICH, and AMY MCTIGHE, | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants | ) | |

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants' Motion to Dismiss should be summarily denied, because whether Defendant McTighe can be held liable for violating the PHRA is a question of fact concerning the extent to which McTighe exercised supervisory authority, which presents a jury question not susceptible to resolution by the court, even at summary judgment. The facts alleged in the Complaint show that it is not only plausible, but highly likely, that Dr. Wolosky will establish McTighe had sufficient supervisory authority to be held liable under 43 P.S. §955(e).

Defendants' conclusory allegation that somehow if McTighe is dismissed as a Defendant, then unidentified counts against the other two defendants must also be dismissed is not developed, incomprehensible, and contrary to the law and should also be summarily denied, even if the court dismisses McTighe as a defendant.[1]

---

[1] While there can be no individual liability under §955(e) unless the employer is liable, the claims against the other defendants survive even if McTighe is dismissed. Kaniuka v. Good Shepherd Home, No. 05–2917, 2006 WL 2380387, at *10 (E.D.Pa. Aug.15, 2006).

The Complaint Avers Facts Showing McTighe's Supervisory Authority and Actions

As a matter of law, agents of an employer are "persons" who may be held liable for aiding and abetting the principal employer. 43 P.S. §954(a)(statutory definition of "person" includes, but is not limited to, any "agent," "employe," or "independent contractor."). Actions and inaction by such persons give rise to individual aiding and abetting liability under the PHRA, when they rise to the level of providing substantial assistance or encouragement to the employer's discrimination. Dici v. Pennsylvania, 91 F.3d 542, 553 (3d Cir. 1996). As the Defendants noted, "A PHRA plaintiff may advance ...liability claims against [persons] who bear responsibility for implementing an allegedly unlawful discriminatory practice." D'Altilio v. Dover Twp., 2009 WL 2948524, at *12 (M.D. Pa. Sept. 14. 2009).

McTighe's nominal title and Defendant's bare argument about her purported lack of supervisory authority are not sufficient to support a Motion to Dismiss. The analysis of McTighe's supervisory position is akin to the fact-intensive analysis required to determine whether an individual is an independent contractor or an employee, regardless of the title the parties assign to the role; it is not susceptible to resolution on a Motion to Dismiss where, as here, sufficient facts are alleged supporting the necessary indicia of supervisory authority. As Chief Magistrate Kelly correctly concluded on similar facts, "Given Defendant's challenge to Murthy's characterization of Kennedy as a supervisory employee, Plaintiff will be required to prove this element of his claim; however, **at this stage of the litigation, his allegations are sufficient to meet the liberal pleading requirements of Rule 8**.")(emphasis added) Murthy v. Indiana Univ. of Pennsylvania, CIV.A. 12-1194, 2013 WL 1363924 (W.D. Pa. Apr. 3, 2013), citing Clinkscales v. Children's Hosp. of

2

Philadelphia, CIV. A. 06-3919, 2007 WL 3355604 (E.D. Pa. Nov. 9, 2007)("Whether or not Plaintiff will be able to prove that [the individual defendants] were supervisory employees, her allegations have met the liberal pleading requirements of Rule 8. Accordingly, the Court will not dismiss Count VIII.")  So it is here.[2]

McTighe was a supervisor.  McTighe was plainly not Dr. Wolosky's subordinate, and while the averments of the Complaint show that McTighe was given supervisory authority over Dr. Wolosky, there is no legal requirement that she be *Dr. Wolosky's supervisor* in order to impose liability for aiding and abetting the District in violating Dr. Wolosky's rights, only that she have, "some supervisory responsibilities." Murthy, 2013 WL 1363924 (W.D. Pa. Apr. 3, 2013). McTighe's supervisory position, backed by all the authority of the Superintendent, is no different than the Human Resources employees in Murthy and Clinkscales, who did not have direct line supervisory authority over the Plaintiff, but did have supervisory authority to direct the actions and affect the terms and conditions of employment of others by their actions and inactions.

Defendants' assertion that, "The Complaint is void of any allegations regarding McTighe controlling or supervising Dr. Wolosky" follows multiple pages of citations to the Complaint which show McTighe's supervisory authority and actions.  The Court must conclude, as the Complaint avers, that Dr. Kasunich effectively demoted Dr. Wolosky and made McTighe the Director of the Special Education Department at Trinity.(Complaint ¶12).[3] Dr. Wolosky protested this demotion.

---

[2] In the event the court finds any merit to Defendants' arguments, Plaintiff must be given the opportunity to file an amended complaint unless it would be inequitable or futile. Grayson v. Mayview State Hospital. 293 F.3d 103, 108 (3d. Cir. 2002).

[3] Supporting citations to the Plaintiff's Complaint throughout are offered by way of illustration and not limitation.

3

(Complaint ¶222). McTighe maintained a written surveillance log on Dr. Wolosky (Complaint ¶12), reported to the Superintendent on Dr. Wolosky's alleged mistakes or performance deficiencies (Complaint ¶12, 191, 226), and openly announced her expectation that she would officially be installed as the Director of Special Education when it appeared the defendants' discriminatory efforts had been successful in forcing Dr. Wolosky to quit (Complaint ¶ 220).

A fair reading of the Complaint shows McTighe reported directly to the Superintendent (Complaint ¶12, 155, 191, 222, 232, 241), assumed Dr. Wolosky's responsibilities, (Complaint 156, 239, 243, 247), made "suggestions" which were in fact orders that Dr. Wolosky was required to follow, (Complaint ¶255)[4], and was given authority to, and did, direct the actions of other Special Education Department employees (Complaint ¶154, 156, 210, 227, 243, 263).

In contrast to the supervisory authority McTighe exercised over Dr. Wolosky, McTighe refused, disregarded, misrepresented, interfered with, and countermanded Dr. Wolosky's instructions (Complaint ¶ 156, 210, 216, 221, 227, 241, 247, 263). Dr. Wolosky was not permitted to review McTighe's personnel file, to make decisions concerning McTighe's training, absences and pay, or to discipline her (Complaint ¶197, 216, 237, 238, 242, 250, 267). McTighe interfered with Dr. Wolosky's performance of her work and engaged in numerous other discriminatory acts. (Complaint ¶ 205, 210, 211, 221, 222, 225-26, 227, 232, 234, 241, 247, 263). On these facts, the Court is bound to conclude that McTighe was a supervisor subject to liability under §955(e).

---

[4] In fact McTighe's surveillance log criticizes Dr. Wolosky for not knowing that Dr. Wolosky was to report to McTighe, and that Dr. Wolosky was required to comply with McTighe's "suggestions."

Conclusion[5]

These facts support the plausible conclusion that McTighe was hired as, and acted as, Dr. Wolosky's supervisor, and had the ability to stop the discrimination which was directed by the superintendent but failed to do so, and otherwise actively engaged in conduct which furthered the District's discrimination and retaliation against Dr. Wolosky. These paragraphs unquestionably allege facts showing that McTighe was a person, a supervisory employee, and agent of the corporate defendant, and as such, Plaintiff has pled facts plausibly establishing McTighe's supervisory authority and individual liability. The Motion should be denied.

                          Respectfully submitted,

                          s/Christian Bagin
                          Christian Bagin
                          PA ID # 85511

                          WIENAND & BAGIN
                          100 First Avenue, Suite 1010
                          Pittsburgh, PA 15222
                          PH: 412-281-1110
                          FAX: 412-281-8481
                          christian@wienandandbagin.com

---

[5] Defendant's half-hearted arguments in the footnote on page 15 of its brief do not warrant any consideration. Liability for the individuals under the PHRA is direct liability, so the citation to Cacciola, citing Vance concerning the imposition of vicarious liability under Title VII is inapposite. The District is obviously vicariously liable for the Superintendent's actions under Vance. The attempt to import criminal conspiracy theory into this case is equally unavailing; under all of the other PHRA cases cited by Defendants, the Superintendent is personally liable both for aiding and abetting and for retaliation under the PHRA, regardless of whether zero or ten others engaged in the same conduct.