UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA WOLOSKY, | ) | |
| | ) | Civil Action 14-804 |
| Plaintiff | ) | |
| | ) | Judge Nora Barry Fischer |
| v. | ) | |
| | ) | Electronic Filing |
| | ) | |
| TRINITY AREA SCHOOL DISTRICT, | ) | |
| | ) | |
| PAUL KASUNICH, and AMY MCTIGHE, | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants | ) | |

NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

In the final sentence of its brief, Defendants argued that claims against Defendant McTighe under the PHRA should be dismissed because the complaint allegedly failed to aver sufficient facts to show that it is plausible McTighe was empowered by the District to act as its agent in a supervisory fashion, and further, that "[A]ny associated claims against the Trinity Area School District... must also fail."  In support of this theory,  the District argued it could not be "strictly" liable under Title VII for McTighe's interference and sabotage which altered Dr. Wolosky's conditions of employment, citing an Eastern District of Pennsylvania  case applying the U.S. Supreme Court's decision in Vance v. Ball State University, ___U.S. ___, 133 S.Ct. 2434, 2443 (2013).[1]  Dr. Wolosky argued the Complaint provides sufficient facts which, taken as true, show that

---

[1] Of course, even if discovery indicates McTighe was not a supervisor, the District can still be liable for her acts of discrimination because it was, "negligent or reckless in failing to train, discipline, fire or take remedial action upon notice of harassment." Andreoli v. Gates, 482

Defendant McTighe was a "supervisor," both for purposes of her individual liability under the PHRA, and as to the District's liability for McTighe's actions, as to her federal claims.

A recent decision from the Eastern District of Pennsylvania provides additional persuasive authority for the Court to reject Defendant's argument. In Burlington v. News Corp., ___F.Supp. 3d___; No. CIV.A. 09-1908, 2014 WL 5410062 (E.D. Pa. Oct. 24, 2014), the employer argued that under Staub v. Proctor Hospital, 131 S. Ct. 1186, 1193, 179 L. Ed. 2d 144 (2011), an employer's liability based on the cat's paw theory is limited to supervisors' actions, and that under Vance, the class of "supervisors" is limited to those employees empowered to take a "tangible employment action." Therefore, the employer argued, there could be no vicarious liability for the corporation under Title VII, based on the discriminatory intent of co-workers who were not Plaintiff's supervisor.

The Burlington court noted the tension between the decisions in Staub and Vance. It appeared Vance had effectively eliminated any possibility of the cat's paw liability described in Staub, but the court concluded Vance itself provided the explanation, "the employer may be held to have ***effectively delegated the power*** to take tangible employment actions ***to non-supervisory employees on whose recommendations it relies***, Vance, 133 S.Ct. at 2452." (Emphasis added) 2014 WL 5410062, at *10, citing Kramer v. Wasatch County Sheriff's Office, 743 F.3d 726 (10th Cir. 2014). Based on this clear directive, the court held the plaintiff created a triable Title VII claim based on the cat's paw theory, even if the employees with alleged discriminatory animus weren't technically supervisors. Judge Surrick concluded:

---

F.3d 641, 644 (3d Cir. 2007).

> We are satisfied that Plaintiff here can establish a genuine issue of material fact on a cat's paw theory of liability if he establishes that one or more of his nonsupervisory coworkers: (1) performed an act motivated by discriminatory animus; (2) the act was intended by the coworker to cause an adverse employment action; (3) that act is a proximate cause of the ultimate employment action, Staub, 131 S.Ct. at 1194; and either (a) defendants acted negligently by allowing the co-worker's acts to achieve their desired effect though they knew (or reasonably should have known) of the discriminatory motivation, Velazquez–Perez, 753 F.3d at 274; or (b) the coworker was aided in accomplishing the adverse employment action by the existence of the agency relation. Restatement (Second) of Agency § 291(2)(d); Ellerth, 524 U.S. at 758–63.

2014 WL 5410062, at *14.

The same analysis applies in the case at bar, and Defendant's Motion should be summarily denied.

                                  Respectfully submitted,

                                  s/Christian Bagin
                                  Christian Bagin
                                  PA ID # 85511

                                  WIENAND & BAGIN
                                  100 First Avenue, Suite 1010
                                  Pittsburgh, PA 15222
                                  PH: 412-281-1110
                                  FAX: 412-281-8481
                                  christian@wienandandbagin.com