**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**


PAMELA WOLOSKY,                              Civil Action No. 14-CV-00804

       Plaintiff,                              *Judge Nora Barry Fischer*

vs.


                                            **Electronic Filing**

TRINITY AREA SCHOOL DISTRICT,
PAUL KASUNICH, AMY MCTIGHE              **Jury Trial Demanded**


       Defendants.

## Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES


1.  **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:


Christian Bagin, Esquire              John W. Smart, Esquire
WIENAND & BAGIN                ANDREWS & PRICE, LLC
100 First Avenue, Suite 1010         1500 Ardmore Blvd, Suite 506
Pittsburgh, PA  15222               Pittsburgh, PA  15221
Christian@wienandandbagin.com      jsmart@andrewsandprice.com

**Phone**: (412) 281-1110              **Phone:** (412) 243-9700
**Fax**: (412) 281-8481                 **Fax:**  (412) 243-9660

Counsel for Plaintiff                 Counsel for Defendants


2.  Set forth the general nature of the case (patent, civil rights, anti-trust, class action, etc):

    **Plaintiff has filed this lawsuit under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and Pennsylvania Human Relations Act alleging discrimination and retaliation including constructive demotion, hostile work environment, and disparate treatment. Defendant denies liability.**


3.  Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:

**Christian Bagin, Esquire and John Smart, Esquire on October 29, 2014.**

4.  Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:  (Lead Trial Counsel and unrepresented parties shall attend the Rule16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

    **The Rule 16 Initial Scheduling Conference is scheduled for November 24, 2014 at 2:30 p.m.**

5.  Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:

    **Defendants filed a partial Motion to Dismiss.**

6.  Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:

    **The parties engaged in private mediation in September 2014. Negotiations are ongoing and the parties have not agreed to an ADR process, but anticipate that if negotiations reach impasse, another mediation may be scheduled or the parties may seek leave of court to be excused from the ADR process.**

7.  Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:

    **None.**

8.  Subjects on which fact discovery may be needed.  (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

    **The Plaintiff will be seeking discovery in the form of Interrogatories, Requests for Production of Documents and Depositions regarding her claims.  The Defendant will be seeking discovery in the form of Interrogatories, Requests for Production of Documents and Depositions of witnesses.  In addition, the defense will be seeking discovery on damages claimed by the Plaintiff.**

9.    Set forth suggested dates for the following (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery.  In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below.  The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed.  If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date.  Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

    a.    Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:

    **The parties will make their initial disclosures within fourteen calendar days of the filing of Defendants' Answer(s).**

    b.    Date by which any additional parties shall be joined:

    **N/A**

    c.    Date by which the pleadings shall be amended:

    **December 16, 2014**

    d.    Date by which fact discovery should be completed:

    **April 23, 2015**

    e.    If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:

    **None**

    f.    Date by which plaintiff's expert reports should be filed:

    **May 26, 2015**

    g.    Date by which depositions of plaintiff's expert(s) should be completed:

    **July 27, 2015**

**h.**     Date by which defendant's expert reports should be filed:

**May 26, 2015**

**i.**     Date by which depositions of defendant's expert(s) should be completed:

**July 27, 2015**

**j.**     Date by which third party expert's reports should be filed:

**N/A**

**k.**     Date by which depositions of third party's expert(s) should be completed:

**N/A**

**10.**     If the parties agree that changes should be made to the limitations on discovery imposed or Local by the Federal Rules of Civil Procedure Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

**Plaintiff believes she may need more than 10 depositions, and requests the Court grant leave to exceed the limitation on the number of depositions.**

**11.**     Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration.  In particular, answer the following questions:

**a.**     <u>ESI</u>.  Is either party seeking the discovery of ESI in this case?  ☒ **Yes**  ☐ No

If disputed, identify the nature of the dispute _____

**b.**     <u>Metadata</u>:  Will any metadata be relevant in this case?  ☐ Yes  X No*
**     * The parties have agreed to a general presumption that system metadata is not relevant to any claim or defense in this case. However, the parties recognize that during discovery, a bona fide and good faith dispute may arise as to the authenticity, or other aspect, of a document, in which case, the parties recognize specific system or application metadata as to such documents may be relevant, and that a party must produce the relevant metadata, notwithstanding the fact that the balance of the document or data has already been produced. In such case, the parties agree to waive any application of the provision of F.R.C.P. 34(b)(2)(E)(iii).**

If yes, with respect to what ESI _____

If disputed, identify the nature of the dispute _____

**c.**     Format. Have the parties agreed on the format(s) for production of ESI?
          ☒ **Yes  Native form**   ☐ No

          If no, what disputes remain outstanding _____

**d.**     Clawback Agreement. Will the parties be using the Form Inadvertent Production
          Provision of LCvR 16.1.D? ☒ **Yes** ☐ No

          If no, will an alternative provision be proposed? ☐ Yes (Please attach) ☐ No

**e.**     Search terms. Have the parties agreed on any protocol for review of electronic data?
          ☒ **Yes** ☐ No

          If yes, please describe:

          **Will exchange search terms when requesting production of electronically stored
          information. The search terms sought by Plaintiff and Defendants will initially
          include the names and variants of the names of Plaintiff and the individual
          defendants.**

          If no, please identify what issues remain outstanding _____

**f.**     Accessibility. Have the parties agreed on what ESI is "reasonably accessible" as defined
          in R. 26(b)(2)(B)? ☒ **Yes** ☐ No

          If no, please identify the nature of the dispute _____

**g.**     Preservation. Are there any unresolved issues pertaining to the preservation of ESI? If
          so, please describe:

          **Yes. Defendant Trinity has represented that all ESI since 2009 has been preserved
          in reasonably accessible form. Plaintiff identified relevant voicemail messages from
          Jack Keisling and Charles Mahoney which she had deliberately saved on her work
          voice mailbox for months before going on medical leave, which were not preserved.**

**h.**     Other. Identify all outstanding issues or disputes concerning ESI

**Whether ESI on individual defendants and Board members' personal computers and devices was preserved or collected at the conclusion of their respective employment and service.  Discussions are ongoing. Parties may supplement.**

12.     Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below.  Those dates will be determined, if necessary, at the Post-Discovery Status Conference.  Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling.  In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

**The parties have agreed on a Post Discovery Status Conference after Fact Discovery.**

    a.     Settlement and/or transfer to an ADR procedure;

    b.     Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;

    c.     Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;

    d.     Dates by which parties' pre-trial statements should be filed;

    e.     Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;

    f.     Dates on which motions *in limine* and *Daubert* motions shall be heard;

    g.     Dates proposed for final pre-trial conference;

    h.     Presumptive and final trial dates.

13.     Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

**None**

**14.**     Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

**None**

**15.**     If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

**None**

**16.**     Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

**Yes.  The parties conducted a private mediation in September 2014 and settlement negotiations are ongoing.**

Respectfully submitted,

s/Christian Bagin                                       s/John W. Smart
Christian Bagin                                         John W. Smart
PA ID #85511                                            PA ID # 43592
WIENAND & BAGIN                                         ANDREWS & PRICE
100 First Ave. Suite 1010                               1500 Ardmore Blvd.
Pittsburgh, PA 15222                                    Suite 506
                                                        Pittsburgh, PA 15201

PH: 412-281-1110                                        PH: 412-243-9700
FAX: 412-281-8481                                       FAX: 412-243-9660
Christian@wienandandbagin.com                           jsmart@andrewsandprice.com